JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
PROBUILD COMPANY, LLC

**DEFENDANTS**
HUDSON PALMER HOMES, INC.

**(b)** County of Residence of First Listed Plaintiff   Dallas, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery, Pennsylvania
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dean E. Weisgold, P.C.
1835 Market Street, Suite 1215
Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)
Brief description of cause:
Breach of contract for sale of construction materials

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   127,885.42

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE   03/19/2018

SIGNATURE OF ATTORNEY OF RECORD   /s/ [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROBUILD COMPANY LLC, doing business as BUILDERS FIRSTSOURCE 2001 Bryan Street, Suite 1600 Dallas, TX 75201         Plaintiff v. HUDSON PALMER HOMES, INC., formerly known as THE CUTLER GROUP, INC. 5 Apollo Road Plymouth Meeting, PA 19462         Defendant | CIVIL ACTION NO._____ |

## COMPLAINT – CIVL ACTION
## CONTRACT

Plaintiff Probuild Company LLC, doing business as Builders FirstSource ("Probuild"), by and through its undersigned counsel, hereby files suit against Defendant Hudson Palmer Homes, Inc., formerly known as The Cutler Group, Inc., and, in support thereof, avers as follows:

### THE PARTIES

1. Probuild is a Delaware limited liability company authorized to conduct business in the Commonwealth of Pennsylvania with its principal place of business located at 2001 Bryan Street, Suite 1600, Dallas, Texas 75201.

2. Defendant Hudson Palmer Homes, Inc., formerly known as The Cutler Group, Inc. ("HPH"), is a Pennsylvania business corporation and has a regular place of business located at 5 Apollo Road, Plymouth Meeting, Pennsylvania 19462.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds the

sum of $75,000, exclusive of interest and costs.

4. Venue is appropriate in this judicial district, pursuant to 28 U.S.C. § 1391(b), because HGH is a resident of the state in which this District Court is located and because a substantial part of the events and omissions giving rise to Probuild's claims occurred in this judicial district.

5. This matter is subject to referral to arbitration because the amount in controversy is not in excess of $150,000.00, exclusive of interest and costs.

## FACTUAL BACKGROUND

6. On May 12, 2003, Probuild, through its predecessor company, Strober-Haddonfield Group, Inc., and HPH entered into a Credit Agreement (the "Contract") whereby Probuild agreed to sell building and construction materials and to extend credit to HPH and HPH agreed to pay Probuild's invoices within thirty (30) days. A true and correct copy of the Contract is attached hereto as Exhibit "A".

7. In the Contract, HPH agreed to pay Probuild interest at the rate of eighteen percent on delinquent invoices and all costs of collection of delinquent invoices, including attorneys' fees and costs.

8. In April through July of 2017, HPH ordered materials from Probuild that Probuild was to provide to HPH and agreed to pay the prices listed on Probuild's invoices. True and correct copies of a current Statement and the unpaid invoices and related packing slips are attached as Exhibit "B".

9. Probuild delivered the materials in the unpaid invoices and related packing slips to HGH at locations within this judicial district in a timely and professional manner and this material was accepted by HPH in or by July of 2017.

10. Probuild invoiced HPH for the materials it provided to HPH.

11. HPH has not paid Probuild in full for Probuild's and materials, refusing to pay the Contract balance due to Probuild, $127,885.42.

12. Probuild's invoices to HPH are now delinquent and overdue.

13. Any conditions precedent to initiating suit on the Contract with HPH have been satisfied by Probuild or waived.

## COUNT I - BREACH OF CONTRACT

14. The allegations set forth in the paragraphs above are incorporated by reference as though set forth at length herein.

15. HPH, itself and through its agents, failed to perform its contractual responsibilities under the Contract.

16. HPH, itself and through its agents, failed to pay Probuild in accordance with the Contract.

17. The actions and inactions of HPH and its agents constituted a breach of the Contract.

18. As a result of this breach of contract, Probuild has suffered damages in the amount of $127,885.42.

19. In addition, Probuild requests an award of interest and all costs of collection, including attorney's fees, per the Contract for the delinquent invoices.

WHEREFORE, Plaintiff Probuild Company LLC, respectfully requests that this Honorable Court enter judgment against Defendant Hudson Palmer Homes, Inc., in the amount of $127,885.42, plus interest, attorney's fees, costs of suit and such further relief that this Honorable Court deems just, proper and equitable.

## COUNT II - UNJUST ENRICHMENT/QUANTUM MERUIT

20. The allegations set forth in the paragraphs above are incorporated by reference as though set forth at length herein.

21. Probuild provided the materials for the benefit of HPH fully expecting compensation for such services.

22. HPH has received the benefit and use of the materials sold and furnished by Probuild in accordance with the Contract.

23. HPH has enjoyed the benefits of the materials provided by Probuild.

24. HPH has not compensated Probuild in an amount equal to the value of the benefit conferred on HPH by Probuild.

25. The retention of the benefit of the materials provided by Probuild to HPH without compensating Probuild for such materials would be unjust.

26. The reasonable value of the unpaid materials is $127,885.42.

27. Probuild is entitled to the *quantum meruit* value of the materials provided for the benefit of HPH.

28. The *quantum meruit* value of the material provided by Probuild and for which Probuild remains unpaid by HPH is $127,885.42.

WHEREFORE, Plaintiff Probuild Company LLC, respectfully requests that this Honorable Court enter judgment against Defendant Hudson Palmer Homes, Inc., in the amount of $127,885.42, plus interest, costs of suit and such further relief that this Honorable Court deems just, proper and equitable.

## COUNT III – VIOLATION OF PENNSYLVANIA'S CONTRACTOR AND SUBCONTRACTOR PAYMENT ACT

29. The allegations set forth in the paragraphs above are incorporated by reference as though set forth at length herein.

30. Upon information and belief, HPH's withholding of the amount due Probuild was done in violation of the payment terms of the Contract and in violation of the Contractor and Subcontractor Payment Act, 73 P.S. § 501, *et seq.* (the "Act").

31. Probuild is entitled to recover interest at the rate of 1% per month and penalties at the rate of 1% per month on all funds being wrongfully withheld by HPH.

32. Pursuant to the Act, Probuild is also entitled to recover its reasonable attorney's fees incurred in the institution and maintenance of this action.

33. To date, interest has accrued in the amount of $6,394.27 and Probuild is entitled to penalties in the amount of $6,394.27.

34. Damages of $1,278.85 in interest and $1,278.85 in penalties will continue to accrue monthly during the pendency of this action.

WHEREFORE, Plaintiff Probuild Company LLC, respectfully requests that this Honorable Court enter judgment against Defendant Hudson Palmer Homes, Inc. in the amount of $127,885.42, plus interest, attorney's fees, penalties, costs of suit and such further relief that this Honorable Court deems just, proper and equitable.

DEAN E. WEISGOLD, P.C.

DATED: 3/20/18

BY: *[signature]*
DEAN E. WEISGOLD
LEONARD A. WINDISH
Attorneys for Plaintiff,
Probuild Company LLC
1835 Market Street, Suite 1215
Philadelphia, PA 19103
(215) 979-7605